IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

DONALD BARLOW,

Defendant.

No. 4:19-CR-00155-01

(Judge Brann)

## ORDER

### NOVEMBER 3, 2020

In accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. Donald Barlow's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 71) is **GRANTED**;

2. Barlow's sentence will be **REDUCED** to time served;

3. Barlow will be placed on a special term of supervised release until March 28, 2021, which is equivalent to his current eligibility date for release from Bureau of Prisons' custody, during which time Barlow shall remain on home confinement under the terms outlined in Appendix A of this Order;

4. Following the special term of supervised release, Barlow will be placed on supervised release for a term of one year, as provided in the original Criminal Judgment;

5. The Federal Bureau of Prisons **SHALL** release Barlow immediately following processing;

6. The court **RECOMMENDS** that the Bureau of Prisons screen Barlow for COVID-19 within twelve hours prior to his release, and if he is displaying symptoms consistent with COVID-19, test Barlow and share the results with the United States Probation Office in the Western District of Virginia; and

7. An Amended Judgment shall issue.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

## **APPENDIX A**

SUPERVISION CONDITIONS:

Within seventy-two hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the district to which the defendant is released.

While under supervision, the defendant must comply with the following standard conditions:

1. The defendant must report to the probation office in the federal judicial district where he is authorized to reside within fifteen days of release from imprisonment, unless the probation officer instructs him to report to a different probation office or within a different time frame;

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed;

3. The defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer;

4. The defendant must answer truthfully the questions asked by his probation officer;

5. The defendant must live at a place approved by the probation officer. If he plans to change where he lives or anything about his living arrangements (such as the people he live with), he must notify the probation officer at least ten days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change;

6. The defendant must allow the probation officer to visit at any time at his home or elsewhere, and he must permit the probation officer to take

any items prohibited by the conditions of your supervision that he or she observes in plain view;

7. The defendant must work full time (at least thirty hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If he does not have full-time employment he must try to find full-time employment, unless the probation officer excuses him from doing so. If he plans to change where he works or anything about his work (such as his position or job responsibilities), he must notify the probation officer at least ten days before the change. If notifying the probation officer at least ten days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change;

8. The defendant must not communicate or interact with someone he knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer;

9. If the defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours;

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers);

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court;

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require him to notify the person about the risk and he must comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk;

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision; and

14. The defendant must notify the court of any material change in his economic circumstances that might affect his ability to pay restitution, fines or special assessments.

While under supervision, the defendant must also comply with the following special conditions of supervision:

1. Upon release from custody, the defendant must obtain transportation directly from the prison to his approved residence. The defendant must eliminate or minimize any stops during that transport;

2. The defendant must self-quarantine in an approved residence during the first fourteen days of his supervised release;

3. The defendant is restricted to his residence at all times during his term of special supervised release except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer. During this time period, the defendant's location will be monitored at the discretion of the probation officer. The probation officer will determine what type of technology to use to monitor the defendant. The defendant must follow the rules and regulations of any monitoring program. The defendant must pay for the cost of the program to the extent he is able, as determined by the probation officer;

4. The defendant must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program which could include an evaluation and completion of any recommended treatment;

5. The defendant must not use or possess any controlled substances without a valid prescription. If he does have a valid prescription, he must disclose the prescription information to the probation officer and follow the instructions on the prescription;

5

6. The defendant must submit to substance abuse testing to determine if he has used a prohibited substance. He must not attempt to obstruct or tamper with the testing methods;

7. The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation;

8. The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office;

9. The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer;

10. If the judgment imposes a financial penalty, the defendant must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. The defendant must also notify the court of any changes in economic circumstances that might affect the ability to pay this fine; and

11. In the event the fine is not paid in full prior to the commencement of supervised release, the defendant shall, as a condition of supervised release, satisfy the amount due in monthly installments of no less than $100, to commence 30 days after release from confinement.